UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOUNIA EL-ARAR, as Personal Representative of the Estate of WAFAE EL-ARAR, NISRINE NAQQAD, as Personal Representative of the Estate of KAOUTAR NAQQAD, and ZINEB ELGHILANI, as Personal Representative of the Estate of IMANE MALLAH,<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL KAHAL RESORT LTD., FAIRHAVEN PROPERTIES, INC., MICHAEL FAIRBAIRN, WENDY FAIRBAIRN, DAVID FAIRBAIRN, JOHN DOE, JEFFREY MULHOLLAND, BELIZE METAL WORKS COMPANY LIMITED, STRUKTURE ARCHITECTS LIMITED, ANNA MARIA ESPAT, NAVIEN, INC., ANCA INTERNATIONAL CORPORATION, ANCA GLOBAL HOLDINGS LLC, GLOBAL CAPITAL MOBILITY, INC. and EXPEDIA, INC.,<br><br>Defendants. | CIV. NO. 1:26-cv-10534 |

**DEFENDANT EXPEDIA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS**

i

# TABLE OF CONTENTS

Table of Contents ...................................................................................................................... i

Table of Authorities .................................................................................................................. ii

Introduction ............................................................................................................................. 1

Background ............................................................................................................................... 1

Argument .................................................................................................................................. 3

    I.    The Court Should Dismiss Plaintiffs' Claims Under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted. ................................................................................ 3

       A.    Legal standard under Rule 12(b)(6). ................................................................. 3

       B.    Plaintiffs fail to allege sufficient facts to support their claim that Expedia had and breached a duty to warn. ................................................................................ 5

           (1)    The rule in Massachusetts is that travel websites have no duty to warn. ................. 5

           (2)    Massachusetts recognizes three exceptions to the general rule, and none apply. .... 7

       C.    Plaintiffs allege no facts supporting a claim for gross negligence against Expedia. ...... 9

       D.    Without a valid underlying claim, Plaintiffs' claim for conscious pain and suffering against Expedia must fail. ............................................................................. 10

       E.    Expedia's limitation of liability clause bars Plaintiffs' claims. .................................... 11

Conclusion .............................................................................................................................. 12

i

# TABLE OF AUTHORITIES

**Cases**

*Arruda v. Sears, Roebuck & Co.*,
310 F.3d 13 (1st Cir. 2002)................................................................................. 4, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................... 3, 4

*Azza v. Grp. Voyagers, Inc.*,
No. 16-11981-GAO, 2018 WL 1513559 (D. Mass. Mar. 27, 2018) ..................................... 1, 5

*Beddall v. State St. Bank & Tr. Co.*,
137 F.3d 12 (1st Cir. 1998)............................................................................... 4, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................... 3, 4

*Christopher v. Father's Huddle Café, Inc.*,
57 Mass. App. Ct. 217 (2003)............................................................................... 10

*Deacy v. Studentcity.com, LLC*,
75 Mass. App. Ct. 1110, 2009 WL 3517972 (Nov. 2, 2009)......................................... 6

*Dzung Duy Nguyen v. Mass. Inst. of Tech.*,
479 Mass. 436 (2018) ......................................................................................... 6

*GGNSC Admin. Servs., LLC v. Schrader*,
484 Mass. 181 (2020) ........................................................................................ 12

*Glassie v. Doucette*,
55 F.4th 58 (1st Cir. 2022)................................................................................... 2

*Gonzalez v. Viator Tours, Inc.*,
No. 1:24-cv-12304-JEK, 2025 WL 2420943 (D. Mass. Aug. 20, 2025)........................... 6, 7, 8

*Helfman v. Northeastern Univ.*,
485 Mass. 308 (2020) ......................................................................................... 6

*Hewes v. Pangburn*,
162 F.4th 177 (1st Cir. 2025)............................................................................... 3, 4

*Hofer v. Gap, Inc.*,
516 F.Supp.2d 161 (D. Mass. 2007) ............................................................. 6, 7, 9, 12

*O'Sullivan v. Shaw*,
431 Mass. 201 (2000) ......................................................................................... 5

*Ocasio-Hernandez v. Fortuno-Burset*,
640 F.3d 1 (1st Cir. 2011)................................................................................... 4

*Penate v. Hanchett*,
944 F.3d 358 (1st Cir. 2019)............................................................................... 4

*Snaza v. Howard Johnson Franchise Sys., Inc.*,
  No. 09-10017-PBS, 2009 WL 10694317 (D. Mass. Dec. 22, 2009) ...................................... 7, 8

*Ulwick v. DeChristopher*,
  411 Mass. 401 (1991) ....................................................................................................... 5

*Watterson v. Page*,
  987 F.2d 1 (1st Cir. 1993)............................................................................................. 4, 11

*Weinberg v. Grand Circle Travel, LCC*,
  891 F.Supp.2d 228 (D. Mass. 2012) ............................................................................... 7, 8

*Yacubian v. United States*,
  750 F.3d 100 (1st Cir. 2014)............................................................................................. 4

*Young v. Wells Fargo Bank, N.A.*,
  717 F.3d 224 (1st Cir. 2013)............................................................................................. 4

**Statutes**
Mass. Gen. Laws ch. 229, § 6 .......................................................................................... 10

**Other Authorities**
Restatement (Third) of Torts: Phys. & Emot. Harm § 37 (2012) ...................................... 6

**Rules**
Federal Rule of Civil Procedure 12(b)(6) ................................................................ 1, 3, 4, 9, 11

**INTRODUCTION**

Defendant Expedia, Inc. ("Expedia") moves to dismiss all claims asserted against it in Plaintiffs' Complaint ("Complaint"), Dkt. 1, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs fail to plead sufficient facts upon which relief can be granted under Rule 12(b)(6). Assuming the truth of the facts alleged, Expedia had no duty to warn the Decedents of the absence of carbon monoxide detectors or the faulty water heaters at the Royal Kahal Beach Resort ("Royal Kahal"). The rule under Massachusetts law is that Expedia, as the website host for hotel and travel accommodations, "cannot be held liable for the negligent acts of third parties that occur on a premises not under [Expedia's] control or ownership." *Azza v. Grp. Voyagers, Inc.*, No. 16-11981-GAO, 2018 WL 1513559, at *2 (D. Mass. Mar. 27, 2018) (citation and quotation omitted). While there are exceptions to the prevailing rule, Plaintiffs' allegations trigger none of the exceptions and, specifically, fall short of supporting a conclusion that Expedia had actual knowledge of the alleged dangerous condition. Absent those facts, Plaintiffs have not plausibly alleged that Expedia had a duty to warn Decedents of the danger, and each of their claims against Expedia must fail. This Court should dismiss Plaintiffs' claims against Expedia for failure to state a claim.

**BACKGROUND**

Expedia is incorporated under the laws of Washington and has its principal place of business in Seattle, Washington. Compl. ¶ 21. Expedia operates an online travel booking service that customers can access across the United States. *Id.*

In January 2025, Wafae El-Arar, Kaoutar Naqqad, and Imane Mallah (collectively, "Decedents"), three women in their twenties, viewed the Royal Kahal in Belize on Expedia's

1

online booking site. Compl. ¶¶ 1, 27–28, 32.[1] Royal Kahal's listing on Expedia's webpage advertised a "tranquil getaway" with "Exceptional" reviews. *Id.* at ¶ 29. After viewing the page, one of the Decedents received follow-up emails from Expedia encouraging her to book the trip. *Id.* at ¶ 30. The Decedents booked the trip for February 19 to 24, 2025, and paid through Expedia's platform. *Id.* at ¶¶ 32–33. Royal Kahal contacted Decedents once through Expedia's platform before switching to direct contacts. *Id.* at ¶¶ 34, 40.

Decedents arrived at Royal Kahal on February 20, 2025. *Id.* at ¶¶ 43–44. That evening, when one of the women turned on the shower, the water heater vented carbon monoxide into the room, which lacked a functioning carbon monoxide detector despite Royal Kahal's representations to the contrary. *Id.* at ¶¶ 45–46. All three Decedents succumbed to carbon monoxide poisoning. *Id.* at ¶¶ 47, 49.

*After* these deaths, other travelers to Royal Kahal posted negative reviews of the resort on Expedia's website, detailing their own experiences with carbon monoxide-related issues. *Id.* at ¶ 51. These customers posted their reviews on March 2 and April 4, 2025, although their trips ranged from December 2024 to February 2025, including at least one customer whose travel overlapped with the Decedents'. *Id.*

Alleging only that Expedia "knew or should have known" about the danger to the Decedents, *id.* at ¶¶ 55–57, Plaintiffs, as personal representatives of the Decedents' estates, bring three claims against Expedia: failure to warn, *id.* at ¶¶ 179–84 (Count X); gross negligence, *id.* at ¶¶ 185–86 (Count XI); and conscious pain and suffering, *id.* at ¶¶ 187–89 (Count XII). Because

---

[1] Because the Court must assume that the well-pleaded factual allegations in the Complaint are true, Expedia presents the factual background here as relayed in the Complaint. *See Glassie v. Doucette*, 55 F.4th 58, 65 (1st Cir. 2022) ("[W]e take all well-pleaded facts as true."). This recitation is not an admission that any of the facts herein are true.

Plaintiffs fail to allege sufficient facts to support the conclusion that Expedia had any control or ownership over the Royal Kahal resort and make only the most conclusory allegations that Expedia knew of the danger at the resort—allegations themselves controverted by other portions of Plaintiffs' complaint—each of their claims against Expedia should be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

**I.      The Court Should Dismiss Plaintiffs' Claims Under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted.**

Each of Plaintiffs' three claims against Expedia rises and falls with Plaintiffs' contention that Expedia had a duty to warn the Decedents of the risk presented by the water heaters and lack of carbon monoxide detectors at Royal Kahal. But Plaintiffs offer no more than a conclusory allegation that Expedia "knew *or should have known*" about the danger. Compl. ¶ 55. That allegation—itself undermined by more specific facts in the Complaint that Expedia only learned of the dangerous condition after the women's deaths—is insufficient to support a claim for negligent failure to warn, gross negligence, or conscious pain and suffering. Moreover, Plaintiffs' claims are barred by the limitation of liability provision in Expedia's terms of service. The Court should dismiss Plaintiffs' claims against Expedia for failure to state a claim.

**A.  Legal standard under Rule 12(b)(6).**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Hewes v. Pangburn*, 162 F.4th 177, 189 (1st Cir. 2025) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "plaintiff[s] need not include detailed factual allegations," they

3

must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Hewes*, 162 F.4th at 190 (citation and quotation omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citation and quotation omitted). The allegations in the complaint must be specific enough to carry the "claims across the line from conceivable to plausible." *Bell Atl. Corp.*, 550 U.S. at 570.

In reviewing a complaint under Rule 12(b)(6), federal courts "accept all well-pleaded facts as true." *Penate v. Hanchett*, 944 F.3d 358, 362 (1st Cir. 2019) (citation and quotation omitted). But courts are not bound by legal conclusions or conclusory allegations in the complaint. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 10 (1st Cir. 2011) ("[L]egal conclusions contained within a complaint are not entitled to a presumption of truth."). Moreover, the Court may consider "documents central to plaintiffs' claims" or "documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993); *see also Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."). Where those documents contradict allegations in the complaint, the documents govern. *See, e.g.*, *Yacubian v. United States*, 750 F.3d 100, 108 (1st Cir. 2014) (noting "it is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations" (internal quotation marks omitted) (quoting *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 229 n.1 (1st Cir. 2013))); *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 18 (1st Cir. 2002) ("When a complaint annexes and incorporates by reference a written instrument, any inconsistencies between the complaint and the instrument must be resolved in favor of the latter.").

4

### B. Plaintiffs fail to allege sufficient facts to support their claim that Expedia had and breached a duty to warn.

(1) The rule in Massachusetts is that travel websites have no duty to warn.

Although Plaintiffs title their first claim against Expedia as simply "Failure to Warn," their claim sounds in negligence. *See* Compl. ¶¶ 179–84 (alleging duty, breach, causation, and damages, the elements of negligence, *see Ulwick v. DeChristopher*, 411 Mass. 401, 408 (1991)). "Before liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff." *O'Sullivan v. Shaw*, 431 Mass. 201, 203 (2000) (citation and quotation omitted). In support of this claim, Plaintiffs assert that Expedia "knew or should have known of the dangerous condition" or "reasonably could have obtained actual knowledge of specific dangerous conditions" presented by Royal Kahal's water heaters and/or lack of carbon monoxide detection; Plaintiffs allege, therefore, that Expedia had a "duty to warn" the Decedents of that condition. Compl. ¶¶ 55–57, 181–82. Plaintiffs' failure to warn claim relies on the conclusion that Expedia had and breached such a duty. But these conclusory allegations are untethered to any facts that Plaintiffs allege, and Massachusetts law is clear that no such duty exists. Absent control or ownership of a property or resort, travel agents and tour operators—and travel planning websites like Expedia's—are not liable for the negligent acts or omissions of their vendors. *See Azza*, 2018 WL 1513559, at *2.

Under Massachusetts law, actors "do not owe others a duty to . . . protect them from conditions [the actor] ha[s] not created" absent a special relationship. [2] *Dzung Duy Nguyen v. Mass. Inst. of Tech.*, 479 Mass. 436, 448 (2018) (citation and quotation omitted); *see also Helfman v. Northeastern Univ.*, 485 Mass. 308, 315 (2020) ("'An actor whose conduct has not created a risk of physical or emotional harm to another has no duty of care to the other.'") (quoting parenthetically Restatement (Third) of Torts: Phys. & Emot. Harm § 37 (2012)). Pursuant to this rule, "generally, travel agents and tour operators cannot be held liable for the negligent acts of third parties that occur on a premises not under the control or ownership of the tour operator." *Deacy v. Studentcity.com, LLC*, 75 Mass. App. Ct. 1110, 2009 WL 3517972, at *2 (Nov. 2, 2009) (unpublished) (quotation omitted); *accord Hofer v. Gap, Inc.*, 516 F.Supp.2d 161, 176–77 (D. Mass. 2007) (collecting federal district court cases and distinguishing cases involving "control over a property"); *Gonzalez*, 2025 WL 2420943, at *3 (explaining that the complaint failed to establish a "duty of care" because it did not "plausibly allege" that the travel companies "were responsible for, or had control over" the property that caused the injury). This travel-agent rule arises because "there never existed a relationship" between the travel agent and the injured party "which would have given rise to a duty on the part of the travel agent to investigate the safety of instrumentalities over which it had no control or knowledge." *Snaza v. Howard Johnson Franchise*

---

[2] Massachusetts law dictates that "where there is a 'special relationship' between the plaintiff and the defendant, 'such that the defendant reasonably could foresee that he would be expected to take affirmative action to protect the plaintiff and could anticipate harm to the plaintiff from the failure to do so,' a duty of care may exist." *Gonzalez v. Viator Tours, Inc.*, No. 1:24-cv-12304-JEK, 2025 WL 2420943, at *2 (D. Mass. Aug. 20, 2025) (internal quotation marks omitted) (quoting *Heath-Latson v. Styller*, 487 Mass. 581, 585 (2021)). Like in *Gonzalez v. Viator Tours, Inc.*, and as explained more fully below, here, the Plaintiffs do not allege any relationship between the Decedents and Expedia that would give rise to such a foreseeable duty. At most, they reference Royal Kahal's listing and ratings on Expedia. Compl. ¶¶ 29, 181. That is insufficient to create a special relationship. *See Gonzalez*, 2025 WL 2420943, at *3 (finding no plausible allegation of a special relationship for similar travel websites).

*Sys., Inc.*, No. 09-10017-PBS, 2009 WL 10694317, at *3 (D. Mass. Dec. 22, 2009) (citation and quotation omitted); *see also Gonzalez*, 2025 WL 2420943, at *3 (requiring a "special relationship" to justify departing from the general rule and imposing a duty to warn).

>(2) Massachusetts recognizes three exceptions to the general rule, and none apply.

This Court has recognized only a few, narrow exceptions to this general rule. They include: (1) A travel agent "may have a duty to warn customers of dangers if it has *specific*, *actual* knowledge of previous incidents," *Snaza*, 2009 WL 10694317, at *3 (citation and quotation omitted); (2) If a travel agent selects a third-party service provider for the injured party, liability may attach "when the consequences of the principal's own negligent failure to select a competent contractor caused the harm upon which the suit is based," *Weinberg v. Grand Circle Travel, LCC*, 891 F.Supp.2d 228, 249 (D. Mass. 2012) (emphasis omitted) (citation and quotation omitted); and (3) "[A] tour operator may be obligated, under some circumstances, to warn a traveler of a dangerous condition unknown to the traveler but known to it," *Snaza*, 2009 WL 10694317, at *3 (citation and quotation omitted). No other exceptions have been recognized in Massachusetts.

Here, Plaintiffs do not and cannot allege that Expedia owned or controlled Royal Kahal in any way, so the general rule against travel-agent liability applies. Instead, Plaintiffs allege that Expedia offers "an online travel booking platform that offers hotel accommodations to customers." Compl. ¶ 28. This Court has held that such a listing website is entitled to protection under the travel-agent rule. *See Hofer*, 516 F.Supp.2d at 176–78 (explaining that Expedia did not control the accommodation even after reviewing evidence on summary judgment).

Further, Plaintiffs do not allege any facts that trigger any of the three exceptions. For instance, Plaintiffs do not allege any facts to support the conclusion that Expedia had specific, actual knowledge that Royal Kahal did not have operable carbon monoxide monitors, nor any facts

7

to support a conclusion that Expedia knew of any incident involving carbon monoxide poisoning at Royal Kahal *before* the Decedents booked and embarked on their trip. Plaintiffs do allege the existence of three reviews from other travelers to Royal Kahal that recount carbon-monoxide-related incidents before or around the same time of the Decedents' trip. Compl. ¶ 51. But, as Plaintiffs concede, the alleged traveler reviews were not posted by the travelers on *Expedia's* website until *after* the Decedents' deaths. *Id.* While Decedents arrived at Royal Kahal on February 20, 2025, *id.* at ¶¶ 43–44, the three reviews alleged in the Complaint were dated March 2 (two posts) and April 4, 2025 (one post). *Id.* at ¶ 51. Although Plaintiffs allege that Expedia "knew or should have known of the dangerous condition" and these experiences, the evidence Plaintiffs present—after-the-fact reviews from other customers—fails to support, and even undermines, that allegation. *Id.* ¶¶ 51, 55. And because Plaintiffs included those reviews in their complaint, the posted date on the reviews outweighs Plaintiffs' otherwise threadbare allegation of previous knowledge by Expedia. *Arruda*, 310 F.3d at 18. Thus, Plaintiffs' allegations fail to trigger the "*specific, actual* knowledge" exception necessary to overcome the general rule that no duty to warn exists. *Snaza*, 2009 WL 10694317, at *3.

As to the second exception, Plaintiffs allege no facts supporting the notion that Expedia selects vendors for its customers, much less that any such selection was negligent as to Royal Kahal. *See Gonzalez*, 2025 WL 2420943, at *4. Instead, the Complaint simply states that "Expedia holds itself out as a trusted provider of travel bookings and accommodations" and that the listing for Royal Kahal on Expedia's website described the resort as a "tranquil getaway" with "Exceptional" reviews. Compl. ¶ 29. The Complaint contains no allegation that Expedia selected Royal Kahal for the Decedents, offered them a package that included the Royal Kahal, or booked their accommodations for them. *Compare Weinberg*, 891 F.Supp.2d at 235, 249 (describing

selection of "a hot air balloon excursion" as part of a "package put together by" a travel company). Instead, like in *Hofer v. Gap, Inc.*, Decedents used "the Expedia.com system" to select their travel options themselves. *See* 516 F.Supp.2d at 166; *see also* Compl. ¶¶ 27–33. Neither Plaintiffs' allegations nor the described service rises to the level of "selection" by Expedia, negligent or otherwise.

Finally, Plaintiffs' contention that Expedia knew of a danger unknown to the Decedents is once again undercut by their allegation that other travelers only reported the incidents at Royal Kahal *after* the events at issue here. The conclusory assertion that Expedia "knew or should have known" references an inapplicable standard—because "should have known" has no application— and without materially more alleged facts supporting a notion that Expedia had specific and actual knowledge, does not suffice to carry Plaintiffs' pleading burden at the Rule 12(b)(6) stage. Additionally, here, Plaintiffs' only specific allegations undercut—rather than buttress—any conclusion that Expedia had specific or actual knowledge of any dangerous condition at Royal Kahal.

In short, Plaintiffs fail to allege a sufficient special relationship between Expedia and the Decedents or special knowledge by Expedia to give rise to a duty to warn of the dangerous condition. As this Court has previously held, without that special relationship or specific knowledge, Expedia cannot be held liable for the negligence of Royal Kahal. Plaintiffs' claim should be dismissed under Rule 12(b)(6).

### C. Plaintiffs allege no facts supporting a claim for gross negligence against Expedia.

Like Plaintiffs' failure to warn claim, Plaintiffs' claim that Expedia is liable for gross negligence, Compl. ¶¶ 185–86, fails because Plaintiffs have not shown that Expedia owed a duty to warn the Decedents of the dangerous condition at Royal Kahal. Gross negligence requires "an

act or omission *respecting legal duty* of an aggravated character as distinguished from a mere failure to exercise ordinary care. . . . It amounts to indifference *to present legal duty* and to utter forgetfulness of legal obligations so far as other persons may be affected." *See Christopher v. Father's Huddle Café, Inc.*, 57 Mass. App. Ct. 217, 230 (2003) (emphasis added) (citation and quotation omitted). Without a duty to act, there can be no liability for gross negligence.

But even if that were not enough, Plaintiffs allege no facts to suggest that Expedia's conduct rises to the level of gross negligence. The relevant allegations against Expedia are: (1) that Expedia hosted a listing for Royal Kahal on its website that reflected the resort's rating, description, and reviews from previous customers; (2) that Expedia did not warn the Decedents that Royal Kahal had faulty water heaters and insufficient carbon monoxide protections; and (3) that after the Decedents' deaths, other guests posted reviews detailing related issues experienced at Royal Kahal. Compl. ¶¶ 27–33, 51–57. At no point do Plaintiffs allege any fact supporting any plausible scenario in which Expedia's conduct involved "consistently ignor[ing a] legal obligation," turning a blind eye to a "clear" risk, or failing to attend to an obvious, "great and immediate danger." *See Christopher*, 57 Mass. App. Ct. at 231 (providing examples of situations that could be deemed grossly negligent). Instead, Expedia operated as normal: from a distance and with limited information about Royal Kahal, a resort over which Plaintiffs do not allege it had any control. Expedia's conduct therefore does not rise to the level of gross negligence.

### D. Without a valid underlying claim, Plaintiffs' claim for conscious pain and suffering against Expedia must fail.

Under Massachusetts law, a wrongful death plaintiff may recover damages for "conscious suffering resulting from the same injury" under a separate cause of action. Mass. Gen. Laws ch. 229, § 6. However, in Massachusetts, claims for conscious pain and suffering must include a predicate theory of liability. *Id.* (referencing the general wrongful death statute and only providing

for recovery of damages). These claims may apply to "[a] person who . . . by his negligence causes the death of a person." *See id.* § 2. Here, Plaintiffs proceed under a theory of negligence, but, as discussed above, they cannot show that Expedia breached any duty. Without sufficient facts supporting liability for negligence, Plaintiffs' claim for conscious pain and suffering must also fail.

**E.   Expedia's limitation of liability clause bars Plaintiffs' claims.**

Plaintiffs explicitly allege that Decedents booked their travel to Royal Kahal through Expedia's website. Compl. ¶¶ 27–33. To book any trip or accommodation through Expedia, a customer must agree to the website's Terms of Service. *See* Expedia, *Terms of Service* (Mar. 26, 2026), https://www.expedia.com/lp/b/terms-of-service ("Your use of our Service is subject to these Terms and it is a condition of using our Service that you accept these Terms."). [3] Those terms explain that "Travel Provider[s]" are "the travel supplier[s] making available the Travel Services to you through our Service," and contain a limitation of liability provision which explains that:

> To the maximum extent permitted by law, our Group of Companies accepts no liability for: any such Travel Services that the Travel Providers make available to you[,] the acts, errors, omissions, representations, warranties *or negligence of any such Travel Providers*, or any personal injuries, death, property damage or other damages or expenses resulting from the above.
>
> The Travel Providers provide us with information describing the Travel Services. This information includes Travel Service details, photos, rates and the relevant Rules and Restrictions, etc. We display this information through our Service. The

---

[3] *See Watterson*, 987 F.2d at 3 (noting that court may consider "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiffs' claim; or . . . documents sufficiently referred to in the complaint"); *see also Beddall*, 137 F.3d at 17 ("When, as now, a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."). Here, Plaintiffs allege Decedents' access, review, use, and booking through Expedia's website. Booking, as alleged by Plaintiffs, required Decedents' assent to Expedia's website terms of service. Thus, to the extent Plaintiffs' claims turn on use or booking through the website, their claims are as co-dependent upon use and content of that website as upon the alleged booking itself—including Expedia's terms of service. Accordingly, pursuant to *Watterson* and *Beddall*, this Court can properly consider Expedia's terms of service in connection with this motion without converting to a Rule 56 motion.

Travel Providers are responsible for ensuring that such information is accurate, complete and up to date. Our Group of Companies will not be liable for any inaccuracies in such information, unless and only if our Group of Companies directly caused such inaccuracies (and this also includes property ratings which are intended as guidance only and may not be an official rating). Our Group of Companies makes no guarantees about the availability of specific Travel Services.

*Id.* (emphasis added).

Under this contractual language, the Decedents waived any claims against Expedia arising from the acts of Royal Kahal. Each of Plaintiffs' claims, though framed as actions by Expedia, is dependent upon facts arising from Royal Kahal's alleged faulty water heaters, lack of carbon monoxide monitoring, and their failure to communicate the danger to Decedents. Compl. ¶¶ 179–89.

This Court has previously held similar limitation of liability provisions enforceable. *See Hofer*, 516 F.Supp.2d at 174–76. So too here; under the contractual provisions of Expedia's Terms of Service, Decedents waived claims arising in negligence, or from any personal injuries or death. Therefore, any such claims otherwise held by Plaintiffs, as representatives of Decedents' estates, are waived. *See generally GGNSC Admin. Servs., LLC v. Schrader*, 484 Mass. 181 (2020) (explaining that wrongful death actions are derivative of decedent's personal injury claims and contractual provisions agreed to by decedent may be binding on personal representatives).

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiffs' claims against Expedia.


Dated: March 27, 2026

12

Respectfully Submitted,

**EXPEDIA, INC.**

By its Attorneys,

*/s/ Jed M. Nosal*
Jed M. Nosal, BBO# 634287
Michael K. Lane, BBO# 673501
Womble Bond Dickinson (US) LLP
470 Atlantic Avenue, Suite 600
Boston, MA 02210
(857) 287-3160
jed.nosal@wbd-us.com
michael.lane@wbd-us.com

Christopher W. Jones (N.C. State Bar No. 27265)
    *Pro Hac Vice forthcoming*
Mary Elizabeth Barksdale (N.C. State Bar No. 64499; D.C. Bar No. 90022302)
    *Pro Hac Vice forthcoming*
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
(919) 755-2124
chris.jones@wbd-us.com
marybeth.barksdale@wbd-us.com

13

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the CM/ECF system will be electronically sent to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on March 27, 2026.

*/s/ Jed M. Nosal*
Jed M. Nosal

14