| | |
|---|---|
| MOUNIA EL-ARAR, as Personal Representative of the Estate of WAFAE EL-ARAR, NISRINE NAQQAD, as Personal Representative of the Estate of KAOUTAR NAQQAD, and ZINEB ELGHILANI, as Personal Representative of the Estate of IMANE MALLAH,<br><br>      Plaintiffs,<br><br>v.<br><br>ROYAL KAHAL RESORT LTD.,<br>FAIRHAVEN PROPERTIES, INC.,<br>MICHAEL FAIRBAIRN,<br>WENDY FAIRBAIRN,<br>DAVID FAIRBAIRN,<br>JOHN DOE,<br>JEFFREY MULHOLLAND,<br>BELIZE METAL WORKS COMPANY LIMITED,<br>STRUKTURE ARCHITECTS LIMITED,<br>ANNA MARIA ESPAT,<br>NAVIEN, INC.,<br>ANCA INTERNATIONAL CORPORATION,<br>ANCA GLOBAL HOLDINGS LLC,<br>GLOBAL CAPITAL MOBILITY, INC. and<br>EXPEDIA, INC.,<br><br>      Defendants. | CIVIL ACTION NO.: 1:26-cv-10534 |

## DEFENDANT ROYAL KAHAL RESORT LTD.'S MOTION
## TO DISMISS UNDER FED. R. CIV. P. 12(b)(2)

Defendant Royal Kahal Resort, Ltd. ("**Royal Kahal**"), by and through its undersigned

counsel and pursuant to Federal Rule of Civil Procedure 12(b)(2), hereby moves to dismiss the

*Complaint and Jury Demand* [ECF 1] (the "**Complaint**") filed by Plaintiffs Mounia El-Arar, as

Personal Representative of the Estate of Wafae El-Arar, Nisrine Naqqad, as Personal

Representative of the Estate of Kaoutar Naqqad, and Zineb Elghilani, as Personal Representative of the Estate of Imane Mallah (collectively, "**Plaintiffs**"), for lack of personal jurisdiction.[1]

In support of this Motion, Royal Kahal relies on the accompanying Memorandum of Law and the Declaration of Royal Kahal ("**Royal Kahal Decl.**") filed concurrently herewith. As set forth in detail in the accompanying Memorandum of Law, this Court lacks both general and specific personal jurisdiction over Royal Kahal. The bases for dismissal are as follows:

First, this Court lacks general jurisdiction over Royal Kahal. Royal Kahal is not "at home" in Massachusetts. Royal Kahal is a Belize corporation organized under the laws of Belize with its principal place of business in Ambergris Caye, Belize. Royal Kahal does not maintain offices, employees, real property, bank accounts, mailing addresses, or telephone numbers in Massachusetts. Royal Kahal is not registered to do business in Massachusetts. Royal Kahal's website, social media presence, and listing on the third-party platform Expedia, Inc. ("**Expedia**"), are directed to a nationwide and worldwide audience, not specifically to Massachusetts, and are insufficient to establish the continuous and systematic contacts required for general jurisdiction.

Second, this Court lacks specific jurisdiction over Royal Kahal. The Massachusetts long-arm statute is not plead or otherwise satisfied because Royal Kahal did not "transact[] any business" in Massachusetts within the meaning of M.G.L. ch. 223A, § 3(a). No one at Royal Kahal directly solicited Wafae El-Arar, Kaoutar Naqqad, or Imane Mallah (collectively, the "**Decedents**") or any Massachusetts resident. The Decedents discovered the Royal Kahal Beach Resort in San Pedro, Ambergris Caye, Belize (the "**Resort**"), through their own research on Expedia, booked through Expedia, and paid Expedia directly. Royal Kahal received payment from Expedia in Canada, not in the United States. The only communications between Royal Kahal and

---

[1] Royal Kahal expressly reserves any and all rights under applicable law and in equity to later move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or judgment on the pleadings. Fed. R. Civ. P. 12(h).

the Decedents were two post-booking logistical messages, neither of which constitute the purposeful and successful solicitation of business required under the statute.

Even assuming *arguendo* that Royal Kahal's contacts could be construed as "transacting business," the Plaintiffs' wrongful death claims do not "arise from" those contacts. The Decedents died from alleged carbon monoxide poisoning caused by a purported defective water heater in Belize, an alleged on-premises safety failure that the Plaintiffs have not alleged are related to any marketing or booking activity.

This Court also lacks specific jurisdiction over Royal Kahal under the Constitution's Due Process Clause because the First Circuit's tripartite test of relatedness, purposeful availment, and reasonableness is not met.

For these reasons, and the reasons set forth more fully in Royal Kahal's Memorandum of Law filed concurrently herewith, this Court should dismiss Plaintiffs' Complaint as to Royal Kahal in its entirety.

## REQUEST FOR ORAL ARGUMENT

Pursuant to this Court's Local Rule 7.1(d), Royal Kahal respectfully requests oral argument on this Motion.

WHEREFORE, Defendant Royal Kahal Resort Ltd. respectfully requests this Court enter an order (i) granting this motion; (ii) dismissing the Complaint as to Royal Kahal pursuant to Federal Rule of Civil Procedure 12(b)(2); and (iii) granting any and all further relief as is necessary and just.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to this Court's Local Rule 7.1(a)(2), I hereby certify that counsel from the law firm of Shumaker, Loop & Kendrick, LLP (as counsel for Defendant, Royal Kahal Resort Ltd.)

conferred with counsel for Plaintiffs in a good faith effort to resolve or limit the issues raised in this Motion. The parties were unable to resolve or narrow the issues and require this Court's intervention.

Respectfully Submitted:

Dated: June 2, 2026

*/s/ Meghan O. Serrano*
Meghan O. Serrano, Esq.
BBO No. 660422
Shumaker, Loop & Kendrick, LLP
240 South Pineapple Ave., 9th Fl.
Sarasota, Florida 34236
Phone: (941) 366-6660
mserrano@shumaker.com
eholland@shumaker.com
*Counsel for Defendants, Royal Kahal Resort Ltd.,*
*Fairhaven Properties, Inc., Michael Fairbairn,*
*Wendy Fairbairn, and David Fairbairn*

*/s/ Gerard T. Leone, Jr.*
Gerard T. Leone, Jr., Esq.
BBO No. 555009
Hunton Andrews Kurth LLP
60 State Street, Suite 2400
Phone: (617) 648-2745
gleone@hunton.com
*Counsel for Defendants, Royal Kahal Resort, Ltd.,*
*Fairhaven Properties, Inc., Michael Fairbairn,*
*Wendy Fairbairn, and David Fairbairn*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be electronically sent to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on June 2, 2026.

*/s/ Gerard T. Leone, Jr.*
Gerard T. Leone, Jr., Esq.
BBO No. 555009
