UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOUNIA EL-ARAR, as Personal Representative of the Estate of WAFAE EL-ARAR, NISRINE NAQQAD, as Personal Representative of the Estate of KAOUTAR NAQQAD, and ZINEB ELGHILANI, as Personal Representative of the Estate of IMANE MALLAH,<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL KAHAL RESORT LTD.,<br>FAIRHAVEN PROPERTIES, INC.,<br>MICHAEL FAIRBAIRN,<br>WENDY FAIRBAIRN,<br>DAVID FAIRBAIRN,<br>JOHN DOE,<br>JEFFREY MULHOLLAND,<br>BELIZE METAL WORKS COMPANY LIMITED,<br>STRUKTURE ARCHITECTS LIMITED,<br>ANNA MARIA ESPAT,<br>NAVIEN, INC.,<br>ANCA INTERNATIONAL CORPORATION,<br>ANCA GLOBAL HOLDINGS LLC,<br>GLOBAL CAPITAL MOBILITY, INC. and<br>EXPEDIA, INC.,<br><br>Defendants. | CIVIL ACTION NO.: 1:26-cv-10534 |

**DECLARATION OF EDMUND ANDREW MARSHALLECK IN SUPPORT OF DEFENDANTS ROYAL KAHAL RESORT LTD., FAIRHAVEN PROPERTIES, INC., MICHAEL FAIRBAIRN, WENDY FAIRBAIRN, AND DAVID FAIRBAIRN'S MOTION TO DISMISS FOR FORUM NON CONVENIENS**

Pursuant to 28 U.S.C. § 1746, I, EDMUND ANDREW MARSHALLECK, an attorney duly licensed to and engaged in the practice law in Belize, hereby declare as follows:



Ex

1. I am a duly licensed attorney admitted to practice law in Belize. I am a member in good standing of the Bar Association of Belize and have been admitted to practice before all courts of Belize, including the Magistrates Courts, the High Court of Belize, the Court of Appeal and the Caribbean Court of Justice.

2. I have practiced law in Belize for thirty years, with substantial experience in civil litigation, including matters involving tort claims, negligence, personal injury, and wrongful death. I was elevated to the rank of Senior Counsel by the Chief Justice on the 18th December, 2009, and have practiced law in that capacity in Belize since then.

3. I am familiar with the Belizean legal system, its courts, its procedural rules, and the substantive law applicable to the claims asserted in this action.

4. I have been retained by Royal Kahal Resort Ltd. to provide this declaration regarding Belizean law and the competency of the courts of Belize to adjudicate the claims asserted in the above-captioned action.

5. In preparation of this declaration, I have reviewed the Complaint filed in this action (ECF No. 1), Defendants' Motions to Dismiss and Memoranda of Law in Support (ECF Nos. 50-59), Plaintiffs' Responses to Defendants' Motions to Dismiss (ECF Nos. 71-75), and the Memorandum of Law in Support of Defendants' Motion to Dismiss for Forum Non Conveniens.

## BELIZE AS A COMMON LAW JURISDICTION

6. Belize is a sovereign, independent nation located in the Western Caribbean and the Eastern coast of Central America.

7. Belize is a former British colony and is a common law jurisdiction. Its legal system is defined in a written Constitution containing a bill of rights and that maintains the separation of powers and the rule of law. English common law principles continue to form the foundation of Belizean jurisprudence informing the interpretation and application of that Constitution.

8. Belize has an independent court system. The court system includes: (a) the Magistrate's Court, which are the lowest courts of first instance; (b) the High Court of Belize (formerly the Supreme Court), which has unlimited original jurisdiction in civil and criminal matters; (c) the Court of Appeal, which is the intermediate appellate court, hearing civil and criminal appeals from the High Court; and (d) the Caribbean Court of Justice (CCJ), which serves as Belize's final and highest appellate court.

9. Belize's constitution provides for an independent and impartial judiciary, and the government generally respects judicial independence and impartiality. Section 6(7) of the Belize Constitution provides that "any court or other authority prescribed by law for the determination of the existence or extent of any civil right or obligation shall be established by law and shall be independent and impartial; and where proceedings for such a determination are instituted by any person before such a court or other authority, the case shall be given a fair hearing within a reasonable period of time."

10. Belize's legal system provides remedies for negligence, wrongful death, and tort claims generally including product liability.

## COMPETENCY OF BELIZEAN COURTS TO ADJUDICATE THESE CLAIMS

11. Belizean law recognizes causes of action for negligence, wrongful death, and related tort claims, including claims for failure to warn and negligent misrepresentation.

12. The High Court of Belize has original jurisdiction to hear and determine civil claims of the nature asserted in this action, including claims for personal injury, wrongful death, negligence, and product liability.

13. Belizean courts regularly adjudicate claims involving personal injury, wrongful death, and negligence. Such claims are a routine and well-established part of the Belizean court's civil docket.



CA

## ACCESS TO LEGAL PROCESS

14. Belize provides discovery mechanisms, including disclosure of documents, the administration of interrogatories, and requests for admissions.

15. A Plaintiff suing in Belize would have the right to a trial on the merits before the High Court of Belize, including the right to present evidence, call witnesses, and cross-examine opposing witnesses under and by virtue of a constitutionally guaranteed right to protection of the law.

16. Appellate review is available through the Court of Appeal of Belize and, thereafter, to the Caribbean Court of Justice as the final appellate court.

17. Foreign nationals have access to the courts of Belize. There is no requirement of Belizean citizenship or residency to bring a civil claim before the High Court of Belize. Claims by non-residents and non-nationals are routinely heard and determined by the High Court in Belize. They may however be subject to orders for the provision of security for costs in certain circumstances. The security required would be assessed by reference to the value of reasonable legal costs anticipated in the litigation of the claims.

## BELIZE AS THE LOCUS OF RELEVANT ACTIVITY

18. Based on my review of the Complaint filed in this action, all of the construction decisions, contractor selections, and building activities related to the Royal Kahal Beach Resort occurred in Belize.

19. The Resort is a licensed hotel located in San Pedro, Ambergris Caye, Belize.

20. According to the Complaint, the contractors who performed the installation of the water heater alleged to have caused the carbon monoxide poisoning, including Jeffrey Mulholland and Belize Metal Works Company Limited, are based in Belize. Belize Metal Works Company Limited is organized under the laws of Belize with its principal place of business in Belize.

21. According to the Complaint, the architects who designed the Resort, including Strukture Architects Limited and Anna Maria Espat, are based in Belize. Strukture Architects Limited has its principal place of business in Belize, and Anna Maria Espat is a citizen and resident of Belize.

22. All designs for and construction at the Resort were subject to Belizean building codes and regulations.

23. The standard of care applicable to the design, construction and installation work at the Resort is governed by Belizean law and Belizean building codes.

24. Belizean courts are best positioned to interpret and apply Belizean building codes, contractor licensing requirements, and safety regulations that are central to the claims in this case.

25. Belizean courts are also best positioned to interpret the licensing requirements of the Hotel operations of Royal Kahal Resort Ltd. and any liabilities of any relevant authorities that may have flowed therefrom. That hotel was licensed as fit for business after relevant inspections by these authorities prior to the deaths.

**<u>GOVERNMENT SEIZURE OF PRIMARY EVIDENCE</u>**

26. I am informed by the principals of Royal Kahal Resort Ltd and do verily believe that following the incident on or about February 20, 2025, in which three guests at the Royal Kahal Beach Resort died from alleged carbon monoxide poisoning, the Government of Belize, acting through its police and investigative authorities, conducted an investigation at the Resort and seized, among other items, the Navien NPE-210S tankless water heater that is alleged to have caused the carbon monoxide poisoning.

27. Upon information and belief, during its investigation at the Resort, the Government of Belize, acting through its police and investigative authorities:

a. took photographs and videos of the scene;

b. took air quality samples of the scene;

c. interviewed witnesses and prepared reports summarizing these interviews;

d. conducted autopsies for each of the Decedents which included toxicology reports and medical examiner opinions regarding cause and manner of death; and

e. prepared incident reports.

28. Upon information and belief, all of this evidence remains in the custody and control of the Government of Belize.

29. I am also informed by the principals of Royal Kahal Resort Ltd and do verily believe that the Belize Tourism Board conducted extensive testing with the use of foreign consultants after the deaths to satisfy itself that the hotel was fit for re-opening. This evidence remains in the possession of the Belize Tourism Board.

30. Access to this evidence for purposes of inspection, forensic testing, or use at trial would be governed by Belizean legal processes.

31. There is no treaty in place between the United States and Belize which provides authority to a court of the United States to compel the Government of Belize to produce this evidence for use in a civil trial or to grant access to evidence in the custody of Belizean authorities for use in a civil trial.

[*Signature Page to Follow*]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on 18th August 2026.

By: ______________________